**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BART LEVY, | : | BANKR. NO. 23-13746-amc |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| ANDREW R. VARA, | : | |
| UNITED STATES TRUSTEE, | : | ADV. NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BART LEVY, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT OF THE UNITED STATES TRUSTEE**
**OBJECTING TO THE GRANTING OF DEBTOR'S DISCHARGE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee" or "Plaintiff"), by and through his undersigned counsel, as and for his complaint (this "Complaint") objecting to the granting of a discharge to Bart Levy ("Debtor" or "Defendant") alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

4. The deadline for filing a complaint objecting to Defendant's discharge is September 6, 2024. This Complaint is filed timely.

## PARTIES

5. Plaintiff is the United States Trustee for Region 3, which includes the Eastern District of Pennsylvania.

6. Pursuant to 28 U.S.C. § 586(a)(3), Plaintiff monitors and supervises the administration of cases commenced under, among other things, Chapter 7 of tile 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"). Plaintiff brings this action pursuant to Bankruptcy Code section 727(c)(1).

7. Defendant Bart Levy is an individual who filed a voluntary petition on December 11, 2023 (the "Petition Date"), commencing a case under Chapter 7 of the Bankruptcy Code in the Eastern District of Pennsylvania, which is captioned *In re: Bart Levy*, Case No. 23-13746-amc. Defendant's residence at the time he filed his bankruptcy petition is believed to be 189 Barron Hill Road, Conshohocken, Montgomery County, Pennsylvania 19482.

8. Plaintiff consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND FACTS

9. On the Petition Date, Defendant commenced his bankruptcy case by filing a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code. At the time he filed his Petition, Defendant was represented by counsel.

10. Upon information and belief, Defendant is a licensed attorney.

11. On or about December 12, 2023, Gary Seitz, Esq. was appointed trustee (the "Chapter 7 Trustee") in Defendant's case. The Chapter 7 Trustee is charged with administering the assets of the estate pursuant to Bankruptcy Code section 704. The Chapter 7 Trustee is an officer of the Chapter 7 estate charged with custody of estate property.

12. The initial Meeting of Creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") was scheduled for January 11, 2024, making March 11, 2024 the initial deadline for action under sections 707(b) and 727.

13. On February 26, 2024, Defendant's counsel filed a motion to extend the time to file a motion to dismiss pursuant to Bankruptcy Code section 707(b) and to file a complaint objecting to discharge. An order was entered extending the deadline to forty-five days from the conclusion of the 341 Meeting.

14. The 341 Meeting was concluded on May 23, 2024.

15. On July 3, 2024, the U. S. Trustee timely filed a motion to extend the time to file a motion to dismiss pursuant to Bankruptcy Code section 707(b) and to file a complaint objecting to discharge.

16. On August 16, 2024, the Court entered an order granting the relief requested in the motion and extending the filing deadline to September 6, 2024. *See* Bankr. Doc. No. 51 ("… the time for any party in interest to file a motion to dismiss pursuant to 11 U.S.C. § 707(b) and/or to file a complaint objecting to the Debtor's discharge is hereby extended to and including September 6, 2024."). The Complaint therefore is filed timely.

17. On January 16, 2024, Defendant filed, *inter alia*, his Means Test. *See* Bankr. Doc. No. 20. Defendant signed the Means Test under penalty of perjury.

18. On January 21, 2024, Defendant filed, *inter alia*, his Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFA") *See* Bankr. Doc. No. 21. Defendant signed the Schedules and SOFA under penalty of perjury.

19. On March 8, 2024, Defendant filed an amended Statement of Financial Affairs (the "Amended SOFA"). *See* Bankr. Doc. No. 28. Defendant signed the Amended SOFA under penalty of perjury.

20. On April 18, 2024, Defendant filed an Amended Schedule I ("Amended Schedule I"). *See* Bankr. Doc. No. 34. Debtor did not include a verification under penalty of perjury with Amended Schedule I. *Id.*

21. On April 18, 2024, Defendant also filed an Amended Schedule J ("Amended Schedule J"). *See* Bankr. Doc. No. 35. Although a declaration is attached to Amended Schedule J, it does not indicate the filing or filings to which it relates. *Id.*, p. 4 of 4.

22. To date, no other amendments to any of the bankruptcy documents have been filed by Defendant.

### Sale of 614 Ford Street

23. Other than his personal residence in Conshohocken Pennsylvania valued at $550,000, Defendant did not list any real property as an asset in his Schedules.

24. The SOFA and Amended SOFA disclose the transfer of real property located at 614 Ford Street (the "Sold Property") to purchaser Wing Dang in return for receipt of payment of $245,000. The SOFA and Amended SOFA reflect that the Sold Property was sold on December 8, 2023 (*i.e.*, three days prior to the Petition Date).

25. The SOFA and Amended SOFA also disclose a payment to Citizens Home Loan in the amount of $123,990.00 for payoff of a mortgage in connection with the sale and transfer of the Sold Property.

26. Upon information and belief, Defendant and his non-filing spouse realized $102,974.18 (the "Net Sale Proceeds") from the sale of the Sold Property. Defendant had a property interest in the Net Sale Proceeds. The Net Sale Proceeds therefore were an asset of Defendant.

27. Upon information and belief, the date of the transfer of the Sold Property was on the Petition Date and not December 8, 2024, which is the date stated on the SOFA and Amended SOFA.

28. Upon information and belief, as of the Petition Date the Net Sale Proceeds were deposited into Defendant and non-filing spouse's joint Wells Fargo account ending 7982. Defendant has a property interest in the joint Wells Fargo account ending 7982. Debtor therefore had an interest in, and control of, the Net Sale Proceeds as of the Petition Date. The Net Sale Proceeds were an asset of the estate as of the Petition Date.

29. Upon information and belief, on December 18, 2023 (*i.e.*, after the Petition Date), $11,000 of the Net Sale Proceeds were transferred to non-filing spouse's Wells Fargo personal account ending 0006. Debtor did not request or obtain approval of the Court for this post-petition transfer. Upon information and belief, Defendant does not have any interest in, or control of, the non-filing spouse's Wells Fargo personal account ending 0006.

30. Upon information and belief, on December 18, 2023, $70,000 of the Net Sale Proceeds were transferred to the non-filing spouse's brokerage account ending 8586. Debtor did not request or obtain approval of the Court for this post-petition transfer. Upon information and belief, Defendant does not have any interest in, or control of, the non-filing spouse's brokerage account ending 8586.

31. The Net Sale Proceeds are not listed as an asset in Defendant's Schedules or any amendments thereto. The Net Sale Proceeds are not listed as an asset in any filing in Defendant's bankruptcy case.

32. The transfer of Defendant's interest in the Net Sale Proceeds is not included on the SOFA nor the Amended SOFA. The transfer of Defendant's interest in the Net Sale Proceeds has not been disclosed in any filing in Defendant's bankruptcy case.

**Defendant's Reported Income**

33. Defendant stated on Amended Schedule I that he is a self-employed attorney with gross income in the amount of $7,000 per month and net income in the amount of $5,440. The Amended Schedule I also reflects that his non-filing spouse is also employed and has gross income in the amount of $12,500 with net monthly income in the amount of $8,625. Defendant and non-filing spouse's net income totals $14,065 per month.

34. On Amended Schedule J Defendant lists his monthly household expenses totaling $13,733.14 for food and personal items, showing monthly disposable income of $331.86.

35. In his Amended SOFA Defendant stated that he had income in the amount of $110,000 for the year leading up to the bankruptcy and income in the amounts of $110,300 and $80,000 respectively for the two prior years. Defendant states that there was no other income from employment or from any other source for the year in which he filed his bankruptcy case.

36. Upon information and belief, Defendant's Santander business bank statements reflect over $230,000 being deposited into the account from January 2024 through June 2024.

37. Defendant has not provided any documentation reconciling his gross monthly income of $42,000 from January 2024 through June 2024 (*i.e.*, the reported $7,000 gross monthly reported on Schedule I for six (6) months) with the deposit of $230,000 into Defendant's business account.

**Documents**

38. To date, Defendant has not provided certain additional documentation requested by U.S. Trustee. The requested documentation includes:

   a. Santander business account statements from January 1, 2023 through December 2023;

   b. Statements for spouse's Wells Fargo personal account ending 0006 from January 2024 through the present;

   c. Statements for joint Wells Fargo account ending 7982 from January 2024 through the present;

   d. Statements for spouse's brokerage account ending 8586 from the date of the deposit of $70,000 (that was transferred from Debtor's Wells Fargo joint account ending 7982) through the present; and

   e. An explanation how Defendant's income was calculated on Amended Schedule I.

### I. COUNT 1
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(2)(A)

39. The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 38 above.

40. Bankruptcy Code section 727 provides that:

   (a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor within one year before the date of the filing of the petition[.]

*See* 11 U.S.C. § 727(a)(2)(A).

41. By transferring, removing, or concealing the Sold Property and Net Sale Proceeds as detailed above, Defendant transferred, removed, destroyed, mutilated or concealed property within one year before the date of the filing of the Petition with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code.

42. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(A).

## II.  COUNT 2
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(2)(B)

43. The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 42 above.

44. Bankruptcy Code section 727 provides that:

> (a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed … (B) property of the estate, after the date of the filing of the petition[.]

*See* 11 U.S.C. § 727(a)(2)(B).

45. By transferring, removing, or concealing the Sold Property and Net Sale Proceeds as detailed above, Defendant transferred, removed, destroyed, mutilated or concealed property of the estate, after the date of the filing of the Petition with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code.

46. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(B).

### III. COUNT 3
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(3)

47. The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 46 above.

48. Bankruptcy Code section 727 provides that:

> (a) the Court shall court shall grant a debtor a discharge unless … (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;.

*See* 11 U.S.C. § 727(a)(3).

49. Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information regarding the (i) Sold Property, (ii) Net Sale Proceeds and (iii) Defendant's income, expenses, or business transactions, including, but not limited to, his income on Amended Schedule I.

50. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(3).

### IV. COUNT 4
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(4)(A)

51. The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 50 above.

52. Bankruptcy Code section 727(a)(4)(A) provides that the court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

53. Upon information and belief, Defendant made false oaths and/or accounts regarding his assets, interests, and/or other financial transactions, including but not limited to his

9

income, the date that the Sold Property was sold, whether the Sold Property is an asset of the estate, whether the Net Sale Proceeds are an asset of the estate, and the transfer of Net Sale Proceeds to non-filing spouse's account(s).

54. Upon information and belief, Defendant made these false oaths and accounts knowingly and fraudulently.

55. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(4)(A).

### V. COUNT 5
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(5)

56. The U. S. Trustee realleges and incorporates the allegations set forth in paragraphs 1 through 55 above.

57. Bankruptcy Code section 727(a)(5) provides that the court shall grant a debtor a discharge unless the debtor "has failed to explain satisfactorily . . . any loss of assets, or deficiency of assets to meet the debtor's liabilities."

58. Defendant has not explained satisfactorily the transfer of the Sold Property, the transfer of the Net Sale Proceeds from the Sold Property, or the resulting loss to the estate. Defendant has not explained satisfactorily the income listed on the Amended Schedule I, which upon information and belief significantly underreports income compared to Defendant's bank account statements at a loss to the estate.

59. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(5).

10

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(i) On Count I against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(2)(A);

(ii) On Count II against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(2)(B);

(iii) On Count III against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(3);

(iv) On Count IV against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(4)(A);

(v) On Count V against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(5); and

(I) such further and additional relief the Court deems just and proper.

**Dated:** September 3, 2024

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Telephone: (202) 934-4154
Email: john.schanne@usdoj.gov