IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Re | : | Chapter 7 |
|    Bart Levy | : | |
|       Debtor | : | No. 23-13746-amc |

___

| | | |
|---|---|---|
| ANDREW R. VARA, | : | |
| UNITED STATES TRUSTEE, | : | Adversary No.: 24-110-AMC |
|       Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BART LEVY, | : | |
|       Defendant | : | |

___

DEFENDANT'S MOTION PURSUANT TO
11 U.S.C. § 105, FED. R. BANKR. P. 7055 AND 9024, AND FED. R. CIV. P. 60
TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT

Debtor-Defendant, Bart Levy (Levy), by and through undersigned counsel, moves this Court pursuant to 11 U.S.C. § 105, Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 60 of the Federal Rules of Civil Procedure for relief from the Judgment by Default and, in support thereof, respectfully states as follows:

JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 105 and Bankruptcy Rules 7055 and F.R.C.P. 60 as made applicable to bankruptcy proceedings by

F.R.B.P. 9024.

BACKGROUND

2. On December 11, 2023, Levy filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. On September 3, 2024, Plaintiff commenced this adversary proceeding by filing a complaint, seeking among other things, that the court deny dischargeability. (Docket No. 1).

4. The clerk issued a summons on September 3, 2024.

5. The summons was served by first class mail on September 4, 2024. Under F.R.B.P., Defendant's answer was due 30 days after issuance of the summons, or October 4, 2024.

6. On October 7, 2024, no answer having been filed, Plaintiff filed a Request for Entry of Default pursuant to Fed. R. Civ. P. 55(b)(1).

7. On October 8, 2024, the clerk entered a default.

8. On October 8, 2024, Plaintiff filed a motion for entry of default judgment. The docket entry indicated that a hearing was set for October 30, 2024, at 12:30 p.m., however, the accompanying Notice of Motion did not indicate a hearing date.

9. On November 1, 2024, the Court entered a Judgment by Default against Levy denying discharge. A True and correct copy of the Judgment by Default is attached hereto as Exhibit A.

RELIEF REQUESTED

10. Levy respectfully requests that the Court set aside the Default for good cause and vacate the Judgment as facially void pursuant to Fed. R. Civ. P. 60(b)(4) or, in the alternative, based on mistake, inadvertence, surprise, or excusable neglect pursuant to Fed. R. Civ. P.

60(b)(1).

BASIS FOR THE RELIEF REQUESTED

11. Under Fed. R. Civ. P. 55(c), made applicable in adversary proceedings by Fed. R. Bankr. P. 7055, the Court may set aside a default "for good cause." Rule 55(c) also provides that a default judgment may be vacated in accordance with Fed. R. Civ. P. 60(b), made applicable in adversary proceedings by Fed. R. Bankr. P. 9024. Under Rule 60(b), the Court may relieve a party from a final judgment for, inter alia, mistake, inadvertence, surprise, or excusable neglect, because the judgment is void, or for any other reason justifying relief from the operation of the judgment.

12. Where both an entry of default and a default judgment exist, Rule 60(b) controls. Peltz v. Com Servs., Inc. (In re USN Commc'ns, Inc.), 288 B.R. 391, 394 (Bankr. D. Del. 2003). Notably, Third Circuit courts disfavor default judgment and generally require that if there is any doubt as to whether a default judgment should be vacated, then the matter "must be resolved in favor of setting aside the default and reaching a decision on the merits." Id. (citing Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

13. Here, the Default must be set aside and the Judgment vacated as the Judgment is facially void pursuant to Rule 60(b)(4) or, in the alternative, based on mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1).

A. The Judgment is Facially Void Under Rule 60(b)(4)

14. Rule 55 provides that the court can enter a default "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

15. In this case, Levy had not "failed to plead or otherwise defend" as his answer was filed of record and served on October 9, 2024. A true and correct copy of Defendant's answer to the complaint is attached hereto and marked Exhibit B. Thus, the record indicates that there was no failure to plead or defend.

B. In the Alternative, Inadvertence, Surprise, or Excusable Neglect Support Setting Aside the Default and Vacating the Judgment Under Rule 60(b)(1)

16. Alternatively, the Default should be set aside and the Judgment vacated for mistake, inadvertence, surprise, or excusable neglect.

17. To open a default judgment for excusable neglect under Rule 60(b)(1), the Court considers three factors: (a) whether the plaintiff will be prejudiced; (b) whether the defendant has a meritorious defense, and (c) whether culpable conduct of the defendant led to the default. Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982)). All three factors militate in favor of vacating the judgment.

18. Plaintiff will not be prejudiced because he is seeking a denial of discharge which is a question of law and has no direct impact on Plaintiff.

19. Second, it is Levy who will be prejudiced if the Judgment is not vacated because he would be denied his ability in court to defend Plaintiff's claims to which Levy has pled colorable defenses. *See* Exhibit B. The "[t]he Third Circuit has determined that the second factor, whether the defendant has a meritorious defense, is the threshold question for [the Rule 60(b)(1)] analysis." USN Commnc's, 288 B.R. at 395.

20. Third, Levy's failure to respond timely to the Complaint was not a product of any culpable conduct by Levy. He was aware of the action and discussed with undersigned counsel.

The response date was October 4, 2024, and the answer was filed October 9, 2024, five days late. Levy should not be prejudiced by this inadvertent five day delay.

21. Further, Levy has a meritorious defense to Plaintiff's claims. *See* Exhibit B.

22. Finally, Levy has acted promptly to seek relief from the Default and Judgment within 11 of learning of the entry of the Default Judgment. See Fed. R. Civ. P. 60(c)(1) (a motion under Rule 60(b)(1) must be made "within a reasonable time" and "no more than a year after entry of the Judgment..."

23. Accordingly, pursuant to Rule 60(b)(1) the judgment must be vacated.

24. For the reasons described above, the Judgment is void and was the product of inadvertence, surprise, and excusable neglect and, therefore, the Default must be set aside and the Judgment must be vacated.

WHEREFORE, for the foregoing reasons, Levy respectfully requests that this Court enter an Order:

(A) Setting aside the Default;

(B) Vacating the Judgment; and

(C) Granting her such other and further relief as this court deems just and proper.

Respectfully submitted,

Dated: November 12, 2024

/s/ Jonathan H. Stanwood
Jonathan H. Stanwood
1617 J.F.K. Suite 500
Philadelphia, Pa 19103
(215) 569-1040